United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-50287
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED HOWARD PREJEAN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-33-1
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Alfred Howard Prejean, Jr., pleaded guilty to manufacturing
methamphetamine and was sentenced to 130 months of imprisonment,
three years of supervised release, a $1,000 fine, and a $100
special assessment.

Prejean argues on appeal that the district court erred in
using 251.51 grams of "bones" to calculate drug quantity without

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first determining whether they contained chemicals that could not be consumed and that should have been excluded from the weight calculation. At sentencing, the district court denied Prejean's motion to appoint an expert to testify about bones based on that expert's testimony in another trial and overruled without explanation Prejean's objection to the inclusion of the bones in the drug quantity calculation. Because there is no evidence on the record of the district court's findings concerning the nature of bones, this court is unable to consider the issue whether bones should be included in the drug quantity calculation. See United States v. Hardin, ___ F.3d ___, No. 05-50312, 2006 WL 162552, *4-*6 (5th Cir. Jan. 23, 2006). Accordingly, Prejean's sentence is vacated and the case is remanded for resentencing. Prior to resentencing, the district court shall hold a hearing on the nature of bones because such findings are necessary for the district court to determine whether the bones should be included in the drug quantity for which Prejean was held accountable. See id. at *5.

Prejean also argues that the district court erred in increasing his offense level pursuant to § 2D1.1(b)(5)(A), which provides that the base offense level should be increased by two levels "[i]f the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment,

storage, or disposal of a hazardous waste." Application note 19 to § 2D1.1 provides that subsection (b)(5)(A) applies if the conduct for which the defendant is held accountable falls under one of several listed statutes. The record does not support a finding by the district court that Prejean's conduct fell under any of the listed statutes. Accordingly, we vacate Prejean's sentence and remand for resentencing on this basis as well.

SENTENCE VACATED; CASE REMANDED.