United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11371
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO OLIVAS-PENA, also known as Juan Manuel
Castanon-Maciel, also known as Lorenzo Pena-Martinez

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CR-39-ALL
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Olivas-Pena appeals his conviction and sentence for unlawful reentry following deportation subsequent to an aggravated felony conviction, a violation of 8 U.S.C. § 1326(a), (b). In his first issue on appeal, Olivas-Pena asserts that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2 for a prior crime of violence conviction. Oliva-Pena was convicted under California Penal Code § 288(b) for lewd conduct with a minor. Olivas-Pena preserved error by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objecting to the enhancement, and we review the district court's determination de novo. See United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc); see also United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

The term "crime of violence" under § 2L1.2 means (1) any of certain enumerated offenses, or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). We need not reach Olivas-Pena's argument that his offense does not meet the second prong of the definition, as we conclude that it constitutes the enumerated offense of sexual abuse of a minor. Where, as here, the enhancement provision does not define the enumerated offense, we define it using a "common sense" approach, looking to the offense's ordinary, contemporary meaning. See United States v. Izaguirre-Flores, 405 F.3d 270, 275-76 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). Using that approach, we have defined "sexual abuse of a minor" to include conduct with or in the presence of a minor, the purpose of which is the arousal or gratification of sexual desires. See id. at 275; see also United States v. Zavala-Sustaita, 214 F.3d 601, 604-05 (5th Cir. 2000). The statute at issue in this case criminalizes the commission of lewd or lascivious acts on or with the body of a minor in order to gratify lust, passion, or sexual desires. See

CAL. PENAL CODE § 288(a), (b).  Such an offense fits within the ordinary, contemporary definition of sexual abuse of a minor. See Izaquirre-Flores, 405 F.3d at 276-77; see also Zavala-Sustaita, 214 F.3d at , 604-05.  Accordingly, we find no error in the district court's imposition of the 16-level enhancement.

In his second point of error, Olivas-Pena argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Olivas-Pena's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Olivas-Pena contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Olivas-Pena properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.