# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2010

No. 08-51219

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANKIE A SAUSEDA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:

Frankie A. Sauseda challenges only his sentence, contending the district court erred by applying the two-level enhancement under Sentencing Guideline § 2D1.1(b)(10)(A)(i) (for offense involving the unlawful discharge, emission, or release of hazardous substance). CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

I.

On 23 June 2008, McGregor, Texas, Police Department Officers arrived at Sauseda's residence to execute a warrant. When the door was opened, the Officers noticed a strong chemical odor. Sauseda and three others were ordered to exit the residence.

No. 08-51219

Officers from the McLennan County Sheriff's Office then opened doors and windows in the residence to allow for cross-ventilation. Due to the overwhelming chemical odor, the Officers wore suits fitted with a self-contained breathing apparatus. They searched the residence and discovered pseudoephedrine pills, acetone, Epsom salt, camp fuel, brake fluid, meth oil, drain cleaner, a hydrochloric acid (HCL) generator, scales, and other items used to produce methamphetamine.

Sauseda pleaded guilty to aiding and abetting both attempting to manufacture methamphetamine and possessing a chemical to manufacture it. *See* 18 U.S.C. § 2 (accomplice liability); 21 U.S.C. §§ 841 (manufacture and possession of controlled substance),  846 (attempt).

The presentence investigation report (PSR) assessed a base offense level of 32. It recommended increasing it by two levels pursuant to Guideline § 2D1.1(b)(10)(A)(i) on the basis that the offense involved the unlawful discharge, emission, or release of a hazardous substance. In support, the PSR cited the strong odor emanating from the residence.

At sentencing, Sauseda objected to the enhancement. In response, the Government presented the testimony of Investigator Lippe of the McLennan County Sheriff's Office, who testified about the strong odor emanating from the residence. He also testified:  the HCL generator found in Sauseda's bedroom was leaking hydrochloric gas; and, by a nearby bridge, Officers found trash bags filled with materials used to manufacture methamphetamine. The district court impliedly overruled Sauseda's objection and sentenced him to, *inter alia*, concurrent 168-month and 120-month terms of imprisonment.

No. 08-51219

II.

Although post-*Booker* (2005), the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Guideline § 2D1.1(b)(10)(A) (toxic-emission enhancement) states: the base-offense level should be increased by two levels "[i]f the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste". Application note 19 to § 2D1.1 provides that subpart (b)(10)(A) applies

> if the conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct) involved any discharge, emission, release, transportation, treatment, storage, or disposal violation covered by the Resource Conservation and Recovery Act [RCRA], 42 U.S.C. § 6928(d); the Federal Water Pollution Control Act, 33 U.S.C. § 1319(c); the Comprehensive Environmental Response, Compensation, and Liability Act [CERCLA], 42 U.S.C. § 9603(b); or 49 U.S.C. § 5124 (relating to violations of laws and regulations enforced by the Department of Transportation with respect to the transportation of hazardous material).

Guideline § 2D1.1(b)(10)(A) cmt. n.19.

Sauseda claims: for application of the toxic-emission enhancement, the Government was required to prove he violated one of the listed statutes, but instead only presented evidence that the Officers who entered the residence were

3

overcome by a strong odor; and evidence of pungent fumes alone does *not* establish that he *unlawfully* released a toxic substance.

Although several of our court's unpublished opinions have touched on this question, our court has never held in a published opinion what must be proven to support a toxic-emission enhancement.    In any event, although our unpublished opinions are not entirely consistent, they hold, for the most part, that the enhancement is *not* applicable unless the Government proves violation of one of the listed statutes in application note 19.   *E.g.*, *United States v. Strackbein*, 2009 WL 3092484, at *1 (5th Cir. 29 Sept. 2009) (holding, *under plain-error review*, that enhancement applied because "the conduct involved . . . storage covered by [CERCLA]", due to the conduct involving the storage of ammonia, and "[a]mmonia is listed in the hazardous material table of substances regulated by CERCLA"); *United States v. Harris*, 193 F. App'x 333, 335 (5th Cir. 2006) (holding, *under plain-error review*, that enhancement applied because PSR contained "sufficient indicia of reliability to support finding [defendant] had stored the anhydrous ammonia");  *United States v. Prejean*, 172 F. App'x 568, 569 (5th Cir. 2006) (holding district court erred in applying toxic-emission enhancement when record did not establish that defendant's conduct was proscribed by specific statutes listed in application note 19); *United States v. Royall*, 71 F. App'x 442, 442 (5th Cir. 2003) (holding, "Although . . . the Government argued that anhydrous ammonia is a hazardous material, there was no evidence presented to the district court to support a finding that the discharge . . . was 'unlawful'".); *United States v. Stepan*, 66 F. App'x 524 (5th Cir. 2003) (holding, *under plain-error review*, that, because anhydrous ammonia was listed in hazardous substances table containing substances regulated under CERCLA, its release was covered by CERCLA and thus merited an enhancement pursuant to § 2D1.1(b)(5)(A)).

No. 08-51219

These unpublished decisions, of course, are not binding on our court; they are, however, persuasive. 5TH CIR. R. 47.5; *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Other persuasive authority is found in published opinions by the Third, Ninth, and Eleventh Circuits; they require proof of violation of one of the listed statutes in application note 19.

In *United States v. Kinard*, 472 F.3d 1294, 1296-98 (11th Cir. 2006), defendant maintained the toxic-emission enhancement was improper because the Government failed to present any evidence that defendant "unlawfully" released anhydrous ammonia. *Id*. at 1296. Accordingly, the court reviewed the evidence the Government presented at sentencing: testimony by an Officer certified to train personnel in cleaning methamphetamine labs. *Id*. at 1296-97.

The testifying Officer had not visited defendant's lab, but had reviewed reports and photographs, and was unfamiliar with the disposal requirements for anhydrous ammonia. *Id*. at 1297. The Eleventh Circuit held this evidence did not establish violation of a listed statute in application note 19. *Id*. at 1297-98.

In *United States v. Landmesser*, 378 F.3d 308, 312-13 (3d Cir. 2004), the Third Circuit addressed a similar enhancement, under § 2D1.12, concerning toxic emissions. The language of § 2D1.12(b)(2) mirrors that of the Guideline at issue here, § 2D1.1(b)(10)(A); and application note 3 to § 2D1.12(b)(2) references the same statutory violations listed in application note 19 to § 2D1.1(b)(10).

The district court had found: defendant was responsible for the release of anhydrous ammonia from a tank that gave rise to a vapor cloud over "an entire area"; and, although this release was unlawful, it was not "unlawful with respect to any specific statutory provisions . . . ." *Id*. at 312. The Third Circuit vacated defendant's sentence, holding: application note 3 to § 2D1.12(b)(2) required finding violation of one of the listed statutes; and, because the district court found defendant did not violate one of them, the enhancement should not have been applied. *Id*. at 312-14.

5

No. 08-51219

The Ninth Circuit upheld a toxic-emission enhancement when the Government presented evidence showing violation of one of the listed statutes in application note 19. In *United States v. MacDonald*, 339 F.3d 1080, 1083-84 (9th Cir. 2003), the court reviewed the evidence presented by the Government at sentencing: expert testimony on RCRA's coverage of certain materials as hazardous waste. Further, the expert testified that "the evidence he found at the production sites reflect[ed] the pouring of a listed hazardous chemical or constituent onto the ground", in violation of the RCRA. *Id.* (quotations omitted).

In the light of the plain language of application note 19, the primary position taken in our court's unpublished opinions, and these holdings by three sister circuits, we hold: for the toxic-emission enhancement to be applicable, the Government was required to prove, by a preponderance of the evidence, that Sauseda violated one of the listed statutes in application note 19 to Guideline § 2D1.1(b)(10). *See United States v. Lombardi*, 138 F.3d 559, 562 (5th Cir. 1998) ("It is well-established law in this Circuit that, generally, the burden of proof at sentencing is a preponderance of the evidence."). The Government did not meet its burden.

In that regard, although it offered evidence that defendant's offense involved, *inter alia*, the emission of noxious fumes, the Government did *not* offer evidence showing how an emission was unlawful. Restated, the Government provided no evidence showing Sauseda was engaged in the disposal of hazardous waste without permission, in violation of RCRA, 42 U.S.C. § 6928(d); nor did it present evidence that water was polluted by the dumping of materials used in the methamphetamine lab, in violation of the Federal Water Pollution Control Act, 33 U.S.C. § 1319(c); nor did it offer evidence that Sauseda's offense involved the release of a "reportable quantity" of hydrochloric gas, in violation of CERCLA, 42 U.S.C. § 9603(b)(3); nor did it provide evidence that the offense

6

No. 08-51219

violated 49 U.S.C. § 5124.  Accordingly, the district court erred in applying the toxic-emission enhancement.

## III.

For the foregoing reasons, Sauseda's conviction is AFFIRMED; his sentence is VACATED; and this matter is REMANDED for resentencing.