# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2012

Lyle W. Cayce
Clerk

No. 11-40505
Summary Calendar

EARNEST LYNN ROSS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:10-CV-293

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Earnest Ross, Texas prisoner # 1728219 and federal prisoner # 15348-078, was convicted in federal court of two counts of possession of a firearm by a con-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

victed felon. About three months after his conviction was affirmed on direct appeal, he filed a petition for a writ of *coram nobis* ("WCN") asserting that his trial counsel had rendered ineffective assistance. The district court dismissed the petition, determining that because Ross was in custody, a WCN was not available to him. The court also denied Ross's motion to proceed *in forma pauperis* ("IFP") on appeal after determining that his appeal was not taken in good faith in light of the reasoning in the report of the magistrate judge ("MJ") and the district court's decision. Ross seeks leave to proceed IFP on appeal. His IFP motion is construed as a challenge to the district court's denial of leave to proceed IFP and the determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Ross argues the merits of his ineffective-assistance claims. Because these allegations are not directed to the reasons why the district court denied IFP status, we do not consider them. *See id.* With respect to the basis of the IFP denial, Ross asserts that the MJ lacked jurisdiction to issue a report, because Ross did not consent to proceed before an MJ. The district court, however, could designate the MJ to conduct hearings and submit a report even in the absence of consent. *See* 28 U.S.C. § 636(b)(1)(B).

Ross contends that the district court erred in concluding that he could not proceed with his petition because he was in custody. "The [WCN] is an extraordinary remedy available to a petitioner *no longer in custody* who seeks to vacate a criminal conviction." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jiminez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)) (emphasis added). Although Ross cites authority from other circuits permitting such petitions from incarcerated prisoners, such authority does not supersede binding authority from this circuit. *See United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010). Ross's assertion that he could not proceed under 28 U.S.C. § 2255 because he was challenging his conviction rather than his sentence is frivolous. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (concluding that a 28

U.S.C. § 2241 petition challenging errors occurring at trial or sentencing should be construed as a § 2255 motion).

In the alternative, Ross maintains that the district court should have construed his petition for a WCN as a § 2255 motion. We have approved the recharacterization of *pro se* prisoner pleadings according to the nature of the claims, regardless of the label assigned by the petitioner. *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). Ross's post-judgment allegations of ineffective assistance are properly presented in a § 2255 proceeding. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Because Ross's pleading was filed in the court that sentenced him, and because he has not filed a previous § 2255 motion, there are no procedural limitations preventing consideration of his petition as a § 2255 proceeding. *See* § 2255(a), (h). Moreover, if Ross attempted to file a § 2255 motion at this time, it would be untimely. *See* § 2255(f).

Ross has raised a "legal point[] arguable on [its] merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for leave to proceed IFP is GRANTED. *See Baugh*, 117 F.3d at 202. The judgment of dismissal is VACATED and REMANDED for the district court to consider the petition for a WCN as a § 2255 motion. On remand, the district court should advise Ross of the intended recharacterization, inform him of the consequences that the recharacterization will have on subsequent § 2255 motions, and provide him with an opportunity to withdraw or amend the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).