# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2012

No. 11-50813
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-106-1

REVISED NOVEMBER 15, 2012

The opinion issued November 14, 2012, is hereby withdrawn and replaced with  the following.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury found Jaime Flores guilty of conspiracy to distribute and to possess with intent to distribute heroin, and the district court sentenced him to 72 months in prison, to be followed by a three-year term of supervised release.  On

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, Flores contends that the district court erred in its presentation of the jury instructions. As he concedes, he did not object to the instructions, so we review for plain error. *See United States v. Bohuchot*, 625 F.3d 892, 897 (5th Cir. 2010); *United States v. Betancourt*, 586 F.3d 303, 305-06 (5th Cir. 2009). Flores thus must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In his first ground for relief, Flores contends that the district court constructively amended the indictment by failing to limit the jury's consideration to the three defendants named in the indictment, which permitted the jurors to consider the possible participation of other individuals in the conspiracy. He has not established a clear or obvious error arising from the court's conspiracy instructions. *See United States v. Leahy*, 82 F.3d 624, 630-31 (5th Cir. 1996). Although Flores also asserts that the jury should have been instructed about the possibility of multiple conspiracies, he has not established that the district court's failure to give such an instruction affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Morris*, 46 F.3d 410, 417 (5th Cir. 1995).

Flores asserts that the district court should have instructed the jury about expert witnesses and should have warned the jury that Detective Mitch Russell was testifying in a dual role as a lay and an expert witness. Even assuming that portions of Detective Russell's testimony can be considered expert testimony, given that the admissibility of the evidence is not challenged and the district court properly instructed the jury that it could accept or reject any testimony and that it was the sole judge of credibility of the witnesses and the weight, if any, to give to each witness's testimony, Flores has not demonstrated

that the failure to give an expert witness or dual role instruction affected the outcome of the proceedings and thus affected his substantial rights. *See Puckett*, 556 U.S. at 135. Further, Flores has not shown that the failure to give an expert witness or dual role instruction in these circumstances affects the fairness, integrity, or public reputation of judicial proceedings as required for reversal on plain error. *Id.*

In his final ground for relief, Flores asserts that the jury instructions as a whole constituted a cumulative plain error. He has not shown that there exist errors to be cumulated, and thus he is not entitled to relief. *See United States v. Brooks*, 681 F.3d 678, 705 (5th Cir. 2012), *petition for cert. filed* (Aug. 9, 2012) (No. 12-5812), *and petition for cert. filed* (Aug. 16, 2012) (No. 12-5847). Because Flores has not shown reversible error, the judgment of the district court is AFFIRMED.