# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

Lyle W. Cayce
Clerk

No. 12-60611
Summary Calendar

SAUL LARA-PEREZ,

Petitioner

v.

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 825 390

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Saul Lara-Perez petitions for review of an order of the Board of Immigration Appeals (BIA). Lara-Perez first challenges the conclusion that he was ineligible for asylum and withholding of removal based on a prior conviction for lewd and lascivious acts with a child under 14 pursuant to § 288(a) of the California Penal Code as well as the determination he is not entitled to relief pursuant to the Convention Against Torture (CAT). He also contends that he should have been permitted to adjust his status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lara-Perez's asylum and withholding argument turns on whether his prior offense constitutes the aggravated felony of sexual abuse of a minor, which would be deemed a "particularly serious crime" rendering him ineligible for relief. 8 U.S.C. §§ 1101(f)(8), 1158(b)(2)(A)(ii), (B)(i), 1231(b)(3)(A), (B)(ii). We have jurisdiction to consider legal and constitutional questions. *See Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007); *Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 810 (5th Cir. 2002). Our review is limited to the BIA's ruling, except to the extent the ruling of the immigration judge (IJ) affected the BIA's decision. *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997). We review the legal determination whether an offense is an aggravated felony de novo, using a categorical approach. *See Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008).

We have previously held, in an unpublished opinion, that an offense under California Penal Code § 288(a) constitutes the aggravated felony of sexual abuse of a minor. *United States v. Olivas-Pena*, 202 F. App'x 656, 657 (5th Cir. 2006). The Ninth Circuit has reached that same conclusion. *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). Although not binding, these opinions are persuasive, *United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010), and consistent with our categorical approach to considering whether a state crime constitutes sexual abuse of a minor. *See United States v. Zavala-Sustaita*, 214 F.3d 601, 603–04 (5th Cir. 2000). As Lara-Perez's offense constitutes the aggravated felony of sexual abuse of a minor, *see* 8 U.S.C. § 1101(f)(8), it is deemed a particularly serious crime, making him statutorily ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). As the aggregate sentence exceeds five years, he is also ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A), (B)(ii).

With respect to Lara-Perez's claim for CAT relief, Lara-Perez raises no legal or constitutional challenges to the BIA's decision, and the BIA applied the correct legal standard. We lack jurisdiction to consider the merits of this claim. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). Even if we had

jurisdiction, we would deny the petition because Lara-Perez offered no evidence that would compel a conclusion that he met the criteria for CAT relief. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

Lara-Perez also challenges the denial of his request for adjustment of status. As the Government correctly argues, the immigration judge lacked jurisdiction to consider that request. *See* 8 C.F.R. § 1245.2(a)(1)(ii)(A)-(D); *Chambers v. Mukasey*, 520 F.3d 445, 447, 450 (5th Cir. 2008).

Finally, Lara-Perez filed with his petition a motion for stay of removal, which the Second Circuit denied pending transfer to this court. To the extent the motion is before this court, Lara-Perez's removal on August 23, 2012, renders the motion moot.

PETITION DENIED IN PART, DISMISSED IN PART FOR LACK OF JURISDICTION.