# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2022

Lyle W. Cayce
Clerk

No. 21-50893
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA DAVID VILLALOBOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-167-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Joshua David Villalobos appeals the sentence imposed after he pleaded guilty to attempting to manufacture methamphetamine. He argues that the district court miscalculated his advisory guidelines range by denying a mitigating-role adjustment under U.S.S.G. § 3B1.2 and by applying an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

offense-level enhancement under U.S.S.G. § 2D1.1(b)(14)(A). Because Villalobos preserved his arguments by raising them in the district court, we review the district court's interpretation and application of the Guidelines *de novo* and the court's factual findings for clear error. *See United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012).

Under § 3B1.2, a downward adjustment of two to four levels is available to a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." § 3B1.2, cmt. 3(A). It is the defendant's burden to prove by a preponderance of the evidence that such an adjustment is warranted. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). To carry this burden, the defendant must show "(1) the culpability of the average participant in the criminal activity; and (2) that she was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted). Whether a defendant is entitled to a § 3B1.2 adjustment is a factual determination reviewed for clear error, and a factual finding "is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks and citation omitted).

On this record, the finding that Villalobos failed to show entitlement to a mitigating-role adjustment is plausible and thus not clearly erroneous. *See id.* Even if Villalobos is correct that some of the factors identified in the commentary to § 3B1.2 favored an adjustment, these "are only factors," *Torres-Hernandez*, 843 F.3d at 209, and "how those factors are weighed remains within the sentencing court's discretion," *id.* at 210. Villalobos also contends that the district court erred by placing undue weight on the "essential or indispensable" nature of his role in the offense. § 3B1.2, cmt. 3(C). We have explained, however, that "error lies only where the defendant's 'integral role' is treated as a *per se* bar to mitigating-role

adjustment and not where it is treated as a factor, even a heavily weighted one, in a broader calculus," as here. *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017). We therefore reject Villalobos's contentions under § 3B1.2.

Villalobos fares better under § 2D1.1(b)(14)(A). Drug offenders may receive up to a two-level enhancement "[i]f the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." § 2D1.1(b)(14)(A). Based on the commentary to this provision and this court's decision in *United States v. Sauseda*, 596 F.3d 279 (5th Cir. 2010), the Government concedes that it failed to make a showing sufficient to support the enhancement. Additionally, the Government concedes it is unable to show that application of the § 2D1.1(b)(14)(A) enhancement was harmless.

We are not bound by these concessions, *see United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008), but may choose to accept them, *see United States v. Courtney*, 979 F.2d 45, 51 (5th Cir. 1992). Having considered the record and the parties' arguments, we accept the Government's concessions. Accordingly, we VACATE Villalobos's sentence and REMAND for resentencing in accordance with this opinion. The district court is free, of course, to impose whatever sentence it thinks is appropriate under 18 U.S.C. § 3553(a). The conviction is AFFIRMED.