**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-60083

QIAN ZHAO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 609 281

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Qian Zhao petitions for review of a Board of Immigration Appeals ("BIA") denial of his application for asylum and withholding of removal. We DENY the petition.

FACTS

Zhao is a native and citizen of China. He is of East Turkistani ethnicity. In about 1993, Zhao received a passport from the Chinese government and entered the United States on a J-1 exchange visitor visa. A Chinese charity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

group paid for his education in America. He graduated from the University of Houston with a Master's degree in Computer Science. He visited China for two weeks in 2002, but it is not clear what documents he used to reenter the United States.

In March 2008, the Department of Homeland Security issued a notice to appear charging Zhao as removable because he did not possess a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Zhao admitted that he was not a citizen or national of the United States, was instead a native of China, and was an immigrant without a valid entry document. Zhao filed an application for asylum, for withholding of removal, and for relief under the Convention Against Torture ("CAT").

The Immigration Judge ("IJ") denied relief and ordered Zhao removed to China. Zhao was found ineligible for asylum because his application was not timely and he failed to prove changed or extraordinary circumstances in China to justify the late filing. The IJ denied Zhao's application for withholding of removal because his testimony was not credible due to repeated inconsistencies.

The inconsistencies that concerned the IJ and which the BIA also mentioned included Zhao's testimony that he was baptized into a Baptist church in Louisiana in 1994. In his asylum application, though, he stated that he was Muslim. Further, Zhao testified that he was one of 5,000 participants in an independence demonstration in East Turkistan in 1989 which was quashed by 100,000 Chinese troops. The BIA agreed with the IJ that the absence of any news reports of the protest created a need for some other kind of corroboration. Zhao claimed the Chinese government did not allow reporters to cover the demonstration, but the IJ did not find the point persuasive.

The BIA agreed that additional doubts arose from Zhao's testimony that he wrote numerous articles criticizing the Chinese government and had published them on a website operated by the Chinese Labor Watch. Zhao also

stated he had been the webmaster for the website. The problem was that nothing on the website or in the material Zhao provided supported his testimony. Zhao did provide a letter from the director of the Labor Watch. It stated only that Zhao had volunteered over 200 hours of his time and did not address whether he had been a webmaster or had written any of the articles published on the website.

The IJ mentioned other difficulties with Zhao's testimony, but none of them were mentioned in the BIA opinion. The BIA affirmed the IJ on all issues.

Zhao petitions this court for review.

## DISCUSSION

Zhao's petition for review is presented *pro se*. He lists thirteen issues, many without any substantive discussion in his petition. To address his issues in a reasonable fashion, we discuss them in terms of the three forms of relief that he seeks – asylum, withholding of removal, and relief under the CAT.

The BIA decision, issued by a single member of the Board, discussed Zhao's issues in some detail. Even so, on some points the BIA incorporated by reference the IJ's reasoning and then stated its agreement. The decision we review is that of the BIA, except to the extent it contains no independent explanation and instead depended upon the IJ's analysis. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We look to the IJ's explanation only as necessary.

Zhao argues that the regulation providing for single-member BIA decisions did not apply to this appeal. By regulation, the appeal from an IJ *must* be decided by a single-member unless it meets one of six criteria. *See* 8 C.F.R. § 1003.1(e)(6). These include such matters as settling inconsistencies among rulings by various IJs, the presence of an issue of national importance, and the need to establish a precedent. *Id.* Zhao does not present any argument as to why his case had to be referred to a three-member panel. We do not explore the issue further and find no error in this single-member disposition.

*A. Application for Asylum*

An alien must file an application for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). An untimely application may be excused if the alien demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay." *Id.* § 1158(a)(2)(D). Zhao's application for asylum was filed well over a year after his entry. He argues, though, that "systematic human rights abuses and genocides are happening now in the formerly independent country" of East Turkistan.

On a petition for review of a BIA decision, we have no jurisdiction to reconsider the BIA's assessment of the facts in deciding that there was no change in circumstances excusing the delay in filing for asylum, but may only review constitutional claims and questions of law. *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007); 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). The BIA's decision was based on a factual assessment of whether conditions had changed in China. We lack jurisdiction on this issue.

*B. Withholding of Removal*

Even though asylum was denied, Zhao would be entitled to withholding of removal – and therefore not to be returned to China when deported – if he had shown that his "life and freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Withholding is mandatory if Zhao demonstrated in the removal proceedings that there is a "clear probability" of persecution as a result of one of the stated reasons upon his return to China. *Kane v. Holder*, 581 F.3d 231, 238 (5th Cir. 2009). The "clear probability" standard has been interpreted to mean that "it is more likely than not that his life or freedom would be threatened by persecution on account of race, religion,

nationality, membership in a particular social group, or political opinion." *Id.* at 238; *see also* 8 C.F.R. § 1208.16(b)(1)(iii).

We have jurisdiction to review a final order of removal, including an order refusing to withhold removal. 8 U.S.C. § 1252(a), (b). Zhao's petition requires us to determine if there is substantial evidence to support the BIA's factual conclusion that he is ineligible for withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B). The applicant's testimony alone may be sufficient if the trier of fact finds his testimony credible. *See* 8 U.S.C. § 1231(b)(3)(C) (evaluating the evidence on withholding of removal should be conducted in the manner described in 8 U.S.C. § 1158(b)(1)(B)(ii) and (iii), which applies to asylum determinations).

In our first precedential decision applying these judicial review limits in Sections 1158 and 1252, which became effective in 2005, we adopted a test from a sister circuit: we will sustain an IJ's determination that a witness was not credible "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).

The IJ discussed a number of inconsistencies in Zhao's testimony and applications. Since Zhao was found not to be credible, he needed to present corroborating evidence to support withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), (iii) & 1231(b)(3)(C). Insufficient corroboration was introduced.

The BIA agreed that Zhao was not credible. We accept that finding because the record does not make it plain that "no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 167. Once that credibility decision is accepted, the record also does not compel a finding that,

more likely than not, Zhao would be persecuted if returned to China. *See Efe*, 293 F.3d at 906.

C. *Convention Against Torture*

The Convention Against Torture was adopted by the United Nations in 1984 and ratified by the United States Senate in 1990. 136 CONG. REC. S17486-92 (daily ed. Oct. 27, 1990) (ratification of the CAT with reservations). In 1998, legislation was passed that required implementing regulations to be adopted within 120 days. *See* Pub. L. No. 105-277, § 2242(b); *see also Tamara-Gomez v. Gonzales,* 447 F.3d 343, 347 n.3 (5th Cir. 2006). The resulting regulations place the burden on an applicant under the CAT to prove that "it is more likely than not" that he will be tortured in the country to which it is proposed that he be returned. 8 C.F.R. § 1208.16(c)(2). There is no need to show that the torture would be due to one of the five reasons for withholding of removal that apply to persecution as discussed in the preceding section. *Id.*

The IJ found that Zhao had failed to show he would be tortured if returned to China. In a one-sentence agreement, the BIA said Zhao had presented no "persuasive arguments on appeal" to justify reversal. We find no error.

Zhao has pending motions. As this case did not present exceptional circumstances, we found no reason to grant the motion to appoint counsel. The motion is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Zhao's motions to supplement the record are also DENIED. We may consider on a petition for review only the evidence that was before the BIA, not new evidence first presented here. 8 U.S.C. § 1252(b)(4)(A).

The petition for review is DENIED.