# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60519
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2014

Lyle W. Cayce
Clerk

ZHONG QIN YANG, also known as Yang Zhongqin,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A093 408 583

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Zhong Qin Yang, a native and citizen of China, has filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his applications for withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture (CAT) and deferral of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60519

removal under the CAT.[1]  Yang was convicted of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), sentenced to a total of 30 months of imprisonment, and ordered to pay $54,329.44 in restitution.  The Department of Homeland Security (DHS) issued a notice to appear, alleging that Yang was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(i), because he was convicted of a crime involving moral turpitude (CIMT) committed within five years after admission for which a sentence of one year or longer may be imposed.  The DHS also alleged that Yang was removable under § 1227(a)(2)(A)(iii) because his conspiracy conviction constituted an aggravated felony as he violated a law relating to an attempt or conspiracy to commit an offense described under 8 U.S.C. § 1101(a)(43)(M).

*Effect of Former Counsel's Concessions*

Yang argues that the BIA erred in holding that he was bound by his former counsel's concessions because they were incorrect and the result of unreasonable professional judgment and constituted ineffective assistance.  He maintains that the BIA abused its discretion in not addressing his claim that his former counsel was ineffective.  He contends that he suffered prejudice because the concessions made him ineligible for certain relief, had no tactical advantage, and caused him to be subject to mandatory detention.

"Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986).  Certain "egregious circumstances" may justify relieving an alien from being bound by his counsel's

---

[1] Yang abandoned any challenge to the BIA's holding that he was not entitled to deferral of removal under the CAT by failing to brief the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

2

admissions, such as admissions and the concession of deportability that were the result of unreasonable professional judgment or were so unfair that they have produced an unjust result. *Id.* at 382-83.

Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001), this court has assumed without deciding that an alien's ineffective assistance claim may implicate Fifth Amendment due process concerns. *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). To show ineffective assistance, an alien must establish that his attorney performed deficiently and that he was substantially prejudiced as a result of the ineffective representation in that he was prevented from pursuing his rights. *Mai*, 473 F.3d at 165. To show prejudice, an alien must make a prima facie showing that, but for counsel's error, he would have been entitled to the relief he sought. *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994).

The BIA held that the concessions of Yang's counsel were not incorrect or the result of unreasonable professional judgment and, therefore, that he was bound by his counsel's concessions. Although the BIA did not expressly state that Yang's counsel was not ineffective, the BIA's determination that his counsel's concessions were not the result of unreasonable professional judgment indicates that the BIA implicitly determined that counsel's concessions did not constitute deficient performance. Thus, the record indicates that the BIA considered and implicitly denied Yang's claim that his counsel's concessions constituted ineffective assistance of counsel. *See Roy v. Ashcroft*, 389 F.3d 132, 139-40 (5th Cir. 2004). As discussed below, the concessions of Yang's counsel were correct and were not the result of unreasonable professional judgment. Therefore, the BIA did not err in

determining that Yang was bound by his counsel's concessions. *See Velasquez*, 19 I. & N. Dec. at 382-83.

*Removal Based on Aggravated Felony Conviction*

Yang argues that his conspiracy conviction was not an aggravated felony because the DHS did not present evidence to establish that the convictions resulted in an actual loss of over $10,000. He asserts that the immigration judge (IJ) and BIA erred in relying on the restitution order to establish the loss amount.

Under § 1101(a)(43)(M)(i), a crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" is an aggravated felony. A conspiracy to commit such an offense also constitutes an aggravated felony. § 1101(a)(43)(U). Yang's conspiracy conviction under 18 U.S.C. § 1029(b)(2) falls within the definition of an aggravated felony in § 1101(a)(43)(M)(i) because the conspiracy was an agreement to commit crimes in violation of 18 U.S.C. § 1029(a)(1), (3), or (4), all of which require intent to defraud, and the conspiracy resulted in a loss that exceeded $10,000. The IJ did not err in considering the restitution order to determine the loss amount. *See Nijhawan v. Holder*, 557 U.S. 29, 43 (2009); *James v. Gonzales*, 464 F.3d 505, 510-11 & n.31 (5th Cir. 2006). Yang has not shown that his counsel's concession was incorrect or the result of unreasonable professional judgment. *See Velasquez*, 19 I. & N. Dec. at 382-83. Yang has also failed to show that his counsel's concession was deficient performance or that, but for his counsel's alleged error, the IJ would have determined that his conspiracy conviction was not an aggravated felony. *See Miranda-Lores*, 17 F.3d at 84-85.

*Removal Based on Conviction for CIMT*

Yang contends that his aggravated identity theft conviction was not a CIMT because the statute under which he was convicted did not require a

guilty mind or intent to deceive.  He asserts that, therefore, his counsel's concession that he was removable based on a CIMT was incorrect, was the result of unreasonable professional judgment, and constituted ineffective assistance of counsel.

The statute under which Yang was convicted, 18 U.S.C. § 1028A(a)(1), provides that a defendant commits aggravated identity theft if he "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."  The plain language of the statute requires that the defendant act with a guilty mind or intent to deceive as it expressly requires that the defendant act "knowingly" and "without lawful authority." *See, e.g.*, *Flores–Figueroa v. United States*, 556 U.S. 646, 657 (2009) (holding that a conviction under § 1028A(a)(1) requires that a defendant have knowledge that the means of identification at issue belonged to another person); *see also Hyder v. Keisler*, 506 F.3d 388, 392 (5th Cir. 2007) (holding that a crime involving "dishonesty as an essential element" falls within the court's understanding of the definition of CIMT).  Yang has not shown that counsel's concession was deficient performance or that, but for counsel's alleged error, the IJ and BIA would have held that his aggravated identity theft conviction was not a CIMT.  *See Mai*, 473 F.3d at 165; *Miranda–Lores*, 17 F.3d at 84–85.

Yang's conspiracy conviction was also a CIMT.  Section § 1029(b)(2) provides that a person may be convicted if he is a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this statute, all of which involve intent to defraud.  Fraud is a crime involving moral turpitude. *See Jordan v. DeGeorge*, 341 U.S. 223, 223–24, 232 (1951); *Planes v. Holder*, 652 F.3d 991, 997–98 (9th Cir. 2011) (holding that an offense under § 1029(a)(3) was properly determined to be a CIMT).  Further, for purposes of 8 U.S.C.

§ 1227(a)(2)(A)(i), Yang was admitted to the United States in 2009, within five years of the date of his convictions in 2012, and he was also sentenced to over one year of imprisonment. Therefore, all of the requirements for removal based on a conviction for a CIMT under § 1227(a)(2)(A)(i) were met. Yang has not shown that counsel's concession constituted deficient performance or that, but for counsel's alleged error, the IJ and BIA would have held that his conspiracy conviction was not a CIMT. *See Mai*, 473 F.3d at 165; *Miranda–Lores*, 17 F.3d at 84–85.

*Particularly Serious Crimes*

Yang contends that his counsel's concession that his convictions were particularly serious crimes was incorrect and constituted ineffective assistance because his convictions were not crimes against persons, were nonviolent, and did not cause a serious danger to the community. He contends that the IJ and the BIA erred in not analyzing this issue.

A crime need not involve violence or cause harm or physical danger to other persons in order to be considered a particularly serious crime. *See, e.g., Hakim v. Holder*, 628 F.3d 151, 152 (5th Cir. 2010) (holding that alien's prior convictions for drug trafficking, tax fraud, and money laundering were particularly serious crimes making him ineligible for withholding of removal under § 1231(b)(3)(B)(ii)). The IJ concurred with counsel's concession that Yang's prior convictions were particularly serious "given the nature and extent of the damage caused by [Yang's] conspiracy to commit access device fraud and aggravated identity fraud." The record supports the IJ's determination as Yang was involved in a large scale scheme that resulted in losses to 23 different individuals and banking organizations, the theft of 419 identities, and a loss of $54,329.44. Given the large extent of the scheme, Yang has not shown that his counsel's concession that his convictions were particularly serious crimes was

6

deficient performance or that, but for his counsel's alleged error, the IJ and BIA would have found that his convictions were not particularly serious crimes. *See Mai,* 473 F.3d at 165; *Miranda–Lores*, 17 F.3d at 84–85.

*Eligibility for Waiver of Inadmissibility under 8 U.S.C. § 1182(h)*

Yang contends that the BIA erred in holding that he was statutorily ineligible for a waiver of inadmissibility under § 1182(h) because the BIA ignored the possibility that he may reapply for adjustment of status in conjunction with a § 1182(h) waiver.

The IJ and BIA did not err in holding that Yang was not eligible for waiver of inadmissibility under § 1182(h). Yang argued that he may file an adjustment of status application, but he did not state or present any evidence showing that he had actually filed such an application or that he was eligible for an adjustment of status. Yang relies on decisions of other circuits that he was only required to make a prima facie showing that he was eligible for adjustment of status. However, these cases are not binding authority in this circuit and are inconsistent with this court's precedent. *See United States v. Sauseda,* 596 F.3d 279, 282 (5th Cir. 2010) (holding that other circuits' decisions are persuasive only); *Cabral v. Holder*, 632 F.3d 886, 891–92 (5th Cir. 2011) (holding that an alien, who had not filed concurrent application for adjustment of status under 8 U.S.C. § 1255, was ineligible to apply for a § 1182(h) waiver). The IJ and BIA did not err in finding that he was not eligible for a waiver of inadmissibility because he had not filed a concurrent adjustment of status application. *See Cabral,* 632 F.3d at 891–92; *Matter of Rivas*, 26 I. & N. Dec. 130, 131–32 (BIA 2013).

PETITION DENIED.