# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 19-60227
Summary Calendar

Wendkuuni Gilles Patrick Ouedraogo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 933 725

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Wendkuuni Gilles Patrick Ouedraogo, a native and citizen of Burkina Faso, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the termination of his asylum status and the denial of his applications for asylum, withholding of removal, protection

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under the Convention Against Torture (CAT), adjustment of status and waiver of inadmissibility, and voluntary departure. On appeal, he presents claims that pertain only to whether the order reopening his proceedings should have been vacated, whether the immigration judge had jurisdiction, whether his due process rights were violated, whether his conviction for evading arrest or detention with a vehicle is a particularly serious crime, and whether he is entitled to asylum, withholding of removal, and withholding under the CAT. To the extent that he argues that the immigration judge was biased, that the immigration judge improperly admitted evidence, and that he was eligible for a waiver of inadmissibility, these claims are unexhausted and therefore we lack jurisdiction to address them. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

We review the decision to reopen an immigration proceeding under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). The BIA did not abuse its discretion in determining that Ouedraogo's removal proceedings were properly reopened. An immigration judge may reopen proceedings for the purpose of terminating a prior grant of asylum if the Government is able to establish by a preponderance of the evidence that the alien has been convicted of a particularly serious crime. 8 C.F.R. § 1208.24(f), (a)(2); 8 U.S.C. § 1158(c)(2)(B), (b)(2)(A)(ii). Although Ouedraogo is correct that the original basis for reopening his proceeding is no longer valid, the immigration judge found that the order should not be rescinded because Ouedraogo's conviction for evading arrest was still a particularly serious crime despite not being a crime of violence.

While we review legal determinations de novo, "this Court defers to the BIA's interpretation of immigration statutes and regulations." *Vazquez v. Sessions*, 885 F.3d 862, 870 (5th Cir. 2018). The BIA did not err in determining that the immigration judge had jurisdiction and that Ouedraogo

failed to demonstrate a violation of his right to due process. Despite his assertions to the contrary, the Supreme Court's determination in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that 18 U.S.C. § 16(b) was unconstitutionally vague did not render his proceedings moot because there was a question whether his conviction was still a particularly serious crime despite no longer being a crime of violence. *See United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006). Moreover, he is unable to show that his due process rights were violated because he received notice, a hearing, and a fair opportunity to be heard regarding why the order reopening his proceedings should have been rescinded. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

A grant of asylum may be terminated if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C. § 1158(c)(2)(B), (b)(2)(A)(ii). The determination of whether a non-aggravated felony is a particularly serious crime is done on a case-by-case basis. *See Vetcher v. Barr*, 953 F.3d 361, 369 (5th Cir. 2020), *cert. denied*, 2020 WL 6701081 (U.S. Nov. 16, 2020) (No. 19-1437). In making this determination, courts review the elements of the offense and, if necessary, "examine the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007), *overruled in part on other grounds by Blandino-Medina v. Holder,* 712 F. 3d 1338, 1347-48 (9th Cir. 2013). *See also Samba v. Lynch*, 641 F. App'x 376, 380-81 (5th Cir. 2016).

Texas law provides that an individual commits a third-degree felony if he intentionally flees in a vehicle from a person that he knows is a peace officer or a federal special investigator attempting to lawfully arrest or detain him. Tex. Penal Code § 38.04(a), (b)(2)(A). Although Ouedraogo claims that it is unclear of what offense he was convicted, the incident report,

indictment, and judgment of conviction clearly identify that he pleaded guilty to evading arrest in a vehicle, a third-degree felony, in violation of § 38.04. Accordingly, the BIA did not err in determining that he was convicted of violating § 38.04(b)(2)(A).

Although this court has not specifically addressed whether a violation of § 38.04(b)(2)(A) is a particularly serious crime, this court determined for purposes of the now-invalidated residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), that the offense involves conduct that is purposeful, aggressive, and violent. *United States v. Harrimon*, 568 F.3d 531, 534 (5th Cir. 2009). Additionally, Ouedraogo received a substantial sentence as he was sentenced to two years of imprisonment. Finally, the incident report provides that Ouedraogo fled from the police for over two miles, that the pursuit lasted long enough for another officer to join, that he attempted to evade police by driving through a gas station parking lot, and that he only stopped the vehicle when his progress was impeded by a tow truck. Based upon the foregoing, the BIA did not err in determining that Ouedraogo's conviction for evading arrest was a particularly serious crime.

Because Ouedraogo's conviction for evading arrest is a particularly serious crime, the BIA did not err in determining that he was ineligible for asylum, withholding of removal, and withholding under the CAT. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Finally, Ouedraogo moves for his case to be sealed. Because Ouedraogo has not demonstrated that his interests outweigh the public's right to access judicial records, we deny Ouedraogo's motion to seal his petition review. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

Based upon the foregoing, the petition for review is DENIED. The motion to seal the case also is DENIED.