# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-60742
Summary Calendar

Norma Luz Lozano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A028 862 460

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Norma Luz Lozano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) sustaining the charge of removability against her and denying her application for cancellation of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal under 8 U.S.C. § 1229b(a).  She claims:  the IJ and BIA erred by failing to follow the proper procedure in evaluating her application for cancellation of removal; and her due-process rights were violated when the IJ considered information not included in her Notice to Appear (NTA) when making his removability decision.

Regarding her claim concerning cancellation of removal, our court lacks jurisdiction to review a denial of discretionary relief, including relief under § 1229b, except with respect to constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022).  Jurisdiction is, of course, reviewed *de novo*.  *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001).

Along that line, Lozano's contention a particular inference should have been made about her state of mind during a drug-trafficking incident is a factual question; therefore, our court lacks jurisdiction to review the contention.  *Patel*, 142 S. Ct. at 1623 (petitioner "may not bring a factual challenge to orders denying discretionary relief" under § 1252(a)(2)(B)).  Her claim the IJ and BIA failed to properly consider and weigh certain factors in their equity evaluations likewise does not present a constitutional claim or question of law.  *E.g.*, *Nastase v. Barr*, 964 F.3d 313, 319–20 (5th Cir. 2020) (no jurisdiction to review BIA's weight of equities or failure to consider certain facts).

Lozano's due-process claim is also reviewed *de novo*.  *E.g.*, *Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).  In removal proceedings, "due process requires that an alien be provided notice of the charges against [her], a hearing before an executive or administrative tribunal, and a fair opportunity to be heard".  *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  To prevail, Lozano must "make an initial showing of substantial

prejudice" which requires "a *prima facie* showing that the alleged violation affected the outcome of the proceedings". *Id.*

Lozano contends the IJ's considering information, not included in her NTA, about her alleged involvement in certain drug-trafficking events resulted in her lacking notice of the charges she faced. The record, however, shows: the relevant supplementary exhibits were introduced at an initial hearing; and Lozano's counsel conceded her removability based on the exhibits. Accordingly, the record does not support Lozano's contention she lacked notice of the allegations against her.

In the alternative, she also cannot make the requisite initial showing of substantial prejudice. A concession by counsel is binding in the absence of "egregious circumstances", which Lozano has not alleged. *Zhong Qin Yang v. Holder*, 570 F. App'x 381, 383 (5th Cir. 2014) (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986)). As noted, Lozano's counsel conceded her removability on the grounds alleged in the NTA. She has not challenged this concession in our court. Because those grounds were enough to find her removable, she fails to make a *prima facie* showing the outcome of the proceedings would have been different but for the alleged violation. *E.g.*, *Okpala*, 908 F.3d at 971.

DISMISSED in part; DENIED in part.