IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60621

RUBEN DARIO SOLORZANO-MORENO,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A75 294 645

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Immigration and Naturalization Service initiated removal proceedings against Petitioner Ruben Dario Solorzano-Moreno. An immigration judge found Solorzano removable, denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed. The Board of Immigration Appeals ("BIA") dismissed Solorzano's appeal of the immigration judge's order. We deny Solorzano's petition for review in part and dismiss it in part for lack of jurisdiction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Proceedings

Solorzano, a native of Colombia, entered the United States in June 1995 and became a lawful permanent resident in August 1999.  Less than four months later, in December 1999, he was indicted for sexual assault in violation of section 22.011 of the Texas Penal Code.  The indictment laid the following charge:

> RUBEN SOLORZANO, defendant, . . . on or about September 9, 1999, in Nueces County, Texas, did then and there intentionally and knowingly cause the penetration of the female sexual organ of [M.R.][1] by Ruben D. Solorzano's finger, without the consent of [M.R.] and the actor is a mental health service provider, who caused [M.R.], who is a patient of the defendant to submit and participate by exploiting [M.R.]'s emotional dependency on the defendant . . . .

Solorzano admitted providing services to M.R. intended to help people "having problems in love."  Specifically, he acknowledged directing M.R. in a "cleansing ritual" that involved the use of an egg "to cleanse through the outside of the body" and explained that "what the egg was doing was retaining all those negative vibes the body had."  Despite denying that he had ever touched M.R., Solorzano pleaded nolo contendere and was placed on deferred adjudication.[2]

The Immigration and Naturalization Service initiated removal proceedings against Solorzano.  An immigration judge determined (1) that Solorzano had committed both an aggravated felony and a crime involving moral turpitude and was therefore removable under 8 U.S.C. § 1227(a)(2)(A) (i) and (iii); (2) that Solorzano was ineligible for voluntary departure under section 1229c because he had been convicted of an aggravated felony; (3) that Solorzano was ineligible for withholding of removal under section 1231(b)(3) because he had been convicted of a "particularly serious" crime; and (4) that Solorzano was not eligible for a

---

[1] We substitute the victim's initials to preserve her privacy.

[2] Deferred adjudication is the equivalent of a conviction for purposes of immigration law, Moosa v. I.N.S., 171 F.3d 994, 1006 (5th Cir. 1999), and Solorzano does not argue to the contrary.

deferral of removal under the Convention Against Torture. Solorzano appealed the immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture, but not the judge's determination that he had committed a crime involving moral turpitude and was therefore removable.

The Board of Immigration Appeals dismissed the appeal, finding that the immigration judge had properly considered "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence, and whether the respondent poses a danger to the community" in determining that Solorzano had been convicted of a "particularly serious crime. The BIA declined to address whether Solorzano's crime also constituted an "aggravated felony" within the meaning of section 1101(a)(43)(A), as resolution of the issue was unnecessary given the determination that Solorzano had committed a "particularly serious" crime. Solorzano subsequently filed a petition seeking relief from this court.

## II. Standard of Review

We review de novo questions relating to our jurisdiction to consider challenges to a final order of the BIA. Balogun v. Ashcroft, 270 F.3d 274, 277 (5th Cir. 2001). The same standard of review applies to constitutional claims and questions of law. Mai v. Gonzales, 473 F.3d 162, 164 (5th Cir. 2006).

## III. Discussion

As the government notes in its brief, Solorzano's petition to this court does not challenge (1) the BIA's determination that he has been convicted of a crime involving moral turpitude and is therefore removable under section 1227(a)(2)(A)(i); (2) the BIA's finding that he is ineligible for voluntary departure; or (3) the BIA's denial of his application for protection under the Convention Against Torture. Nor does Solorzano challenge the denial of his asylum application. Solorzano instead argues (1) that he has not been convicted of an aggravated felony and is therefore not removable under section

1227(a)(2)(A)(iii); and (2) that he did not commit a "particularly serious" crime within the meaning of section 1231(b)(3)(B)(ii) and is therefore eligible for withholding of removal. We need not consider the first argument, as an alternative, independent ground exists for the immigration judge's determination that Solorzano is removable, and we are without jurisdiction to consider the second argument.

The immigration judge determined that Solorzano was removable for two independent reasons: his crime (1) was an aggravated felony, and (2) involved moral turpitude. Either of these findings is alone sufficient to support the judge's determination that Solorzano was removable. See 8 U.S.C. § 1227(a)(2)(A). Solorzano challenges only the finding that his crime was an aggravated felony; he does not address the immigration judge's finding that it involved moral turpitude. Because the immigration judge's determination that Solorzano was removable under section 1227(a)(2)(A) would stand even if we were to decide that his crime was not an aggravated felony, we need not address the issue. See, e.g., Capital Concepts Props. 85-1 v. Mut. First, Inc., 35 F.3d 170, 176 (5th Cir. 1994).[3]

With respect to Solorzano's challenge to the denial of his application for withholding of removal, the immigration judge's uncontroverted determination that Solorzano was placed on deferred adjudication for a crime involving moral turpitude limits our jurisdiction to constitutional claims and questions of law. Section 1252(a)(2)(C) provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ." Among the

---

[3] Notwithstanding the jurisdictional bar discussed below, we have jurisdiction to deny this challenge because "the question of whether an offense constitutes an aggravated felony is a purely legal one." Patel v. Mukasey, 526 F.3d 800, 802 (5th Cir. 2008).

criminal offenses covered in section 1182(a)(2) are "crime[s] involving moral turpitude."[4]  The only exception to section 1252(a)(2)(C)'s jurisdictional bar is that the section does not "preclud[e] review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).  Thus, in the present case we have jurisdiction to consider only constitutional claims or questions of law raised in Solorzano's petition.  See, e.g., Balogun, 270 F.3d at 279 (dismissing petition for review of the BIA's dismissal of application for protection under the Convention Against Torture); see also Almaghzar v. Gonzales, 457 F.3d 915, 923 (9th Cir. 2006) (holding that the court lacked jurisdiction to review whether petitioner's felony convictions "constituted particularly serious crimes" where petitioner was "removable by reason of having committed a criminal offense covered in section 1182(a)(2)").

Solorzano, however, raises no constitutional claims or questions of law relating to the denial of his application for withholding of removal.  Instead, he argues that the immigration judge placed too much "focus" on the likelihood of future serious misconduct and "relied on hysteria and emotion rather than conducting a dispassionate evaluation of [Solorzano's] offense and [its] aftereffects."  These claims, which amount to an argument that the immigration judge "abused [her] discretion in weighing the multiple desiderata made relevant by the [BIA's] definition of a 'particularly serious crime,'" do not present questions of law and therefore are not reviewable under section 1252(a)(2)(D).  See Petrov v. Gonzales, 464 F.3d 800, 802 (7th Cir. 2006).[5]

---

[4] Section 1182(a)(2)(A)(ii) contains certain exceptions inapplicable to Solorzano.

[5] We need not address the government's alternative jurisdictional argument that section 1252(a)(2)(B) precludes our review of the immigration judge's finding under section 1231(b)(3) that Solorzano's crime was "particularly serious."  This argument, which posits that whether an alien has been convicted of a "particularly serious" crime is a matter of "discretion" within the meaning of section 1252(a)(2)(B), is the subject of a circuit split.  Compare, e.g., Villegas

## IV. Conclusion

For the reasons set forth above, we DENY Solorzano's challenge to the immigration judge's determination that he is removable under section 1227(a)(2)(A) and DISMISS for lack of jurisdiction Solorzano's challenge to the denial of his application for withholding of removal.

---

v. Mukasey, 523 F.3d 984, 987 (9th Cir. 2008) (holding that whether a crime is "particularly serious" is a "determination [] committed by statute to the Attorney General's discretion, so this court lacks jurisdiction to review it") with Nethagani v. Mukasey, 532 F.3d 150, 154–55 (2d Cir. 2008) (reaching the contrary conclusion).