# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2010

Lyle W. Cayce
Clerk

No. 09-60560
Summary Calendar

JOSUE DAVID CRUZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 883 216

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Josue David Cruz, a native and citizen of Honduras, conceded removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense, and under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. He applied for withholding of removal under 8 C.F.R. § 208.16(b) and 8 U.S.C. § 1101(a)(42)(A), based on past persecution. Cruz petitions for review of the Board of Immigration Appeals' (BIA) *de novo* dismissal of his appeal from the Immigration Judge's (IJ) order denying his application (he was, however, granted voluntary departure).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review Cruz' claim for withholding of removal. That section states: "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2) . . . ." Section 1182(a)(2) provides: "any alien convicted of, or who admits having committed . . . (II) a violation of any law or regulation of a State . . . [or] the United States . . . relating to a controlled substance (as defined in [21 U.S.C. § 802]) is inadmissible". An exception, however, mandates this court retain jurisdiction for review of "constitutional claims or questions of law" raised in a petition for review filed in an appropriate court of appeals. 8 U.S.C. § 1252(a)(2)(D); *see Arce-Vences v. Mukasey*, 512 F.3d 167, 170 (5th Cir. 2007).

That an alien is not eligible for asylum or withholding of removal are findings of fact reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). "We do, of course, also have jurisdiction to determine our own jurisdiction." *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006). "We review *de novo* questions relating to our jurisdiction to consider challenges to a final order of the BIA." *Solorzano-Moreno v. Mukasey*, 296 F. App'x 391, 393 (5th Cir. 2008) (citing *Balogun v. Ashcroft*, 270 F.3d 274, 277 (5th Cir. 2001)).

Cruz contends he has shown entitlement to withholding of removal because he suffered past persecution by gangs in Honduras and he is in danger of future persecution by gangs if removed there. In short, his contentions constitute a disagreement with the factual determinations of the IJ and BIA. In other words, his petition does not raise any constitutional claims or questions of law. Accordingly, we lack jurisdiction to review the final order of removal. *See Zhang*, 432 F.3d at 344; *Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004).

DISMISSED.