LIANCAI LI, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 10–60590
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 8, 2011.

Liancai Li, San Gabriel, CA, pro se.

Jeffrey Ronald Meyer, Esq., Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Liancai Li, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on his resistance to China's population control policies and religious beliefs. The Immigration Judge (IJ) denied Li's application, making an adverse credibility finding and also determining that he was statutorily ineligible for withholding of removal and relief under the CAT because he had been convicted of a particularly serious crime. The IJ further

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that Li's asylum application was untimely.

In dismissing Li's administrative appeal, the Board of Immigration Appeals (BIA) found that the IJ's credibility finding was not clearly erroneous, given the inconsistencies between the documentary evidence and testimony. Alternatively, the BIA held that Li was not per se entitled to relief on the basis of his wife's forced abortion; that, even assuming Li's credibility, he had failed to establish any harm rising to the level of past persecution. Furthermore, the BIA determined that the IJ properly determined that Li's asylum application was untimely. Finally, the BIA agreed with the IJ that Li had committed a particularly serious crime that rendered him statutorily ineligible for withholding of removal and relief pursuant to the CAT.

Li does not challenge the denial of his application for relief under the CAT or the finding that his asylum was untimely; therefore, he has abandoned any challenge to those determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003) (per curiam); *Rodriguez v. INS*, 9 F.3d 408, 414 n. 15 (5th Cir.1993).

We review an immigration court's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir.2007). Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an [ ] applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir.2009) (internal quotation marks and citation omitted). We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credi-

bility ruling." *Id.* (internal quotation marks and citation omitted).

Because the credibility determinations of the BIA withstand our review, the decision to deny Li relief is supported by substantial evidence. *See id.* at 539–40. Based on the foregoing, it is not necessary to address whether Li committed a particularly serious crime and whether this court has jurisdiction to consider this issue. *See Solorzano–Moreno v. Mukasey*, 296 Fed. Appx. 391, 394 n. 5 (5th Cir.2008) (per curiam) (declining to address the issue whether this court had jurisdiction to review an IJ's finding that a crime was particularly serious, but noting that the issue is the subject of a circuit split). Accordingly, Li's petition is DENIED.