# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 11-60703

Lyle W. Cayce
Clerk

HARWINDER SINGH,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 669 545

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2003, Harwinder Singh, a native and citizen of citizen of India, was charged in a notice to appear with being deportable because he had been convicted of trafficking in marijuana. A final removal order was entered, Singh waived his right to appeal, and he was deported in January 2004. In April 2010, Singh illegally reentered this country, and, after a hearing on his claim for withholding of removal and relief under the Convention Against Torture (CAT),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an immigration judge (IJ) ordered him removed to India. The Board of Immigration Appeals (BIA) dismissed his appeal.

Singh now petitions for review of the BIA's opinion. He first argues that the BIA erred in denying him deferral under the CAT because it found that he had failed to establish that he is more likely than not to be tortured if removed to India. The Government argues that, to the extent Singh raises a factual issue on appeal, we lack jurisdiction to review it.

Although we generally have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal, § 1252(a)(2)(C) deprives us of jurisdiction to review a final order of removal entered against an alien convicted of certain criminal offenses, including drug offenses. 8 U.S.C. § 1182(a)(2). In such cases, we retain only limited jurisdiction to review our own jurisdiction, constitutional claims, or questions of law. *Id.* § 1252(a)(2)(D); *see Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554, 560-61 (5th Cir. 2006). Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Thus to the extent that Singh challenges the conclusion that he is ineligible for relief under the CAT, we lack jurisdiction to review that claim.

Singh raises a legal argument that his due process rights were violated when the IJ refused to admit some of his documentary evidence for being illegible. We lack jurisdiction to review this claim because Singh did not raise it before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). For the same reason, we lack jurisdiction to review Singh's claims that he should not be removed due to customary international law or "humanitarian asylum and/or withholding and deferral"and that his children have a constitutional right to be with him. *See id.*

Singh also argues that the BIA erred in concluding that his prior offense made him ineligible for withholding of removal and withholding under the CAT.

He contends that the BIA erred in determining that his crime was particularly serious under *In re Y-L-*, 23 I. & N. Dec. 270, 276-77 (A.G. 2002). A circuit split exists regarding whether the determination that a crime was particularly serious is discretionary and therefore unreviewable pursuant to § 1252(a)(2)(B). *Hakim v. Holder*, 628 F.3d 151, 155 n.1 (5th Cir. 2010). Nevertheless, even for claims involving "particularly serious crime" determinations, § 1252(a)(2)(C) still operates to bar our review of a final order of removal unless, under § 1252(a)(2)(D), the claim is legal or constitutional in nature. *See Alaka v. Att'y Gen. of the United States*, 456 F.3d 88, 102-04 (3d Cir. 2006); *Solorzano-Moreno v. Mukasey*, 296 F. App'x 391, 394 (5th Cir. 2005).

Here, Singh's claim is factual, not legal. The BIA determined in *In re Y-L-* that drug trafficking crimes are presumptively particularly serious crimes unless a petitioner demonstrates at least six enumerated criteria. 23 I. & N. Dec. at 276-77. Under the *In re Y-L-* rule, if those criteria are met, the court may consider "whether other, more unusual circumstances . . . justify departure from the default interpretation." *Id*. at 276-77. Singh argues that the BIA erred in its application of *In re -Y-L-* by not considering his lack of criminal history and criminal intent, among other factors. But this is a challenge to the BIA's factual determination, not a legal challenge falling under the § 1252(a)(2)(D) exception. *Cf. Alaka*, 456 F.3d at 103-04 (holding that the petitioner's argument that the IJ erroneously classified her offense as an aggravated felony, and therefore a crime of violence, was a question of law, reviewable under § 1252(a)(2)(D)). We therefore lack jurisdiction over Singh's claim under § 1252(a)(2)(C).

To the extent that Singh argues that he had no knowledge of the marijuana and in essence repudiates his conviction, he has not shown that the conviction has been overturned and therefore may not collaterally attack the conviction. *See Singh v. Holder*, 568 F.3d 525, 528 (5th Cir. 2009).

DISMISSED FOR LACK OF JURISDICTION