# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 14-60836
Summary Calendar

August 12, 2015

Lyle W. Cayce
Clerk

SATVIR SINGH DHAMI, also known as Singh Dhami, also known as Satvir Singh, also known as Satuir Singh,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 713 825

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Satvir Singh Dhami seeks review of a decision by the Board of Immigration Appeals (BIA). The BIA both dismissed his appeal from a removal order and denied his motion to reopen proceedings, after the immigration judge (IJ) rejected his requests for asylum,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60836

withholding of removal, and relief under the Convention Against Torture (CAT).

It is undisputed that Dhami is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) (aliens who commit a controlled-substance offense are not admissible). Because Dhami is removable on that ground, we lack jurisdiction over his removal order, except to the extent he raises legal or constitutional questions. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Questions about an alien's eligibility for asylum, withholding of removal, and CAT relief are generally factual. *E.g., Cruz v. Holder*, 398 F. App'x 17, 18 (5th Cir. 2010) (citing *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005)). Dhami asserts the IJ and BIA made erroneous factual findings about: the Indian government's inability or unwillingness to help or protect him from lawless police officers or gangsters; his ability to relocate safely and reasonably within India; the likelihood of persecution or torture; and, the Indian government's acquiescence in torture. Because these constitute factual findings, rather than legal issues, we lack jurisdiction to consider them. *See, e.g., Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).

On the other hand, for his underlying claim that he was a member of a requisite protected group, we have jurisdiction to review whether that group meets the immigration-law definition of a "particular social group", as was at issue before the IJ. *E.g., Hongyok v. Gonzales*, 492 F.3d 547, 549-50 & n.1 (5th Cir. 2007); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012). To determine whether a proposed group qualifies as a particular social group, the BIA considers: whether a group's members share characteristics giving them "social visibility to make them readily identifiable in society"; and "whether the group can be defined with sufficient particularity to delimit its

No. 14-60836

membership". *Orellana-Monson*, 685 F.3d at 519 (emphasis and quotation marks omitted). The BIA's legal test for determining whether an alien is a member of a particular social group is entitled to deference unless it is "arbitrary, capricious, or manifestly contrary to the statute". *Id.* at 521 (internal quotation marks omitted).

Dhami recites his proposed particular social groups and asserts, without analysis, that they "involve the immutable characteristic of culture and political speech". His conclusory assertion amounts to a waiver of the issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (following the rule that a petitioner does not preserve an issue by mentioning it in a brief without developing an argument in the body of the brief). Even if he has not waived this issue by failing to brief it sufficiently here, he fails: to challenge the BIA's finding he waived the issue by failing to raise it there; or to show how, in the light of the IJ's and BIA's findings, a favorable conclusion that he is a member of such a group would entitle him to the relief he seeks.

Dhami has not attempted to identify any other legal or constitutional issue, nor does he address the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C).

DISMISSED.