# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60841

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2016

Lyle W. Cayce
Clerk

STROVER MUTSVENE,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094-951-841

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:*

Strover Mutsvene, a native and citizen of Zimbabwe, petitions for review of a decision of the Board of Immigration Appeals ("BIA") that affirmed an Immigration Judge's ("IJ") termination of his grant of withholding of removal. Because Mutsvene's petition does not present a "question of law" that enables him to overcome the jurisdictional bar established by the provisions of the REAL ID Act, we **DISMISS** his petition for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60841

## BACKGROUND

In 2006, the Department of Homeland Security ("DHS") initiated removal proceedings against Mutsvene, who was in the United States on an expired student visa. On Mutsvene's application, an IJ granted him withholding of removal under 8 U.S.C. § 1231(b)(3)(A) based upon threats to his life or freedom in Zimbabwe due to his political opinions concerning the government of Zimbabwean President Robert Mugabe.

Approximately three years later, Mutsvene pled guilty to aggravated assault under Texas Penal Code § 22.02(a)(2) because he threatened another person with a knife. He initially received a deferred adjudication sentence of three years of community supervision, along with a fine and court costs, but his sentence was later increased to five years of community supervision after he violated the terms of release. Mutsvene again violated the conditions of community supervision by failing to pay the fine and court costs, failing to perform community service, and failing to participate in substance abuse testing and treatment. Consequently, in 2012 a Texas court revoked community supervision and sentenced him to two years in prison.

In 2013, an IJ re-opened Mutsvene's removal proceedings upon DHS's request to pursue termination of his withholding of removal. DHS re-opened these proceedings pursuant to 8 C.F.R. § 1208.24 (b)(3), which permits an IJ to terminate a grant of withholding of removal if the Government establishes by a preponderance of evidence that the alien has committed an "act that would have been grounds for denial of withholding of removal under [8 U.S.C. § 1231(b)(3)(B)] had it occurred before withholding of removal." DHS argued that Mutsvene's aggravated assault conviction would have made him removable had it occurred before withholding of removal because it was a "particularly serious crime" under 8 U.S.C § 1231(b)(3)(B)(ii).

2

No. 14-60841

Though both parties agreed that Mutsvene's aggravated assault conviction constituted an aggravated felony, the IJ's decision began by utilizing the modified categorical approach to independently confirm this. She held that Mutsvene's conviction was an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43) because it was a "crime of violence." *See id.* § 1101(a)(43)(F) (defining an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year").

Next, the IJ addressed DHS's contention that Mutsvene's offense was a "particularly serious crime." The IJ did not accept DHS's argument that Mutsvene's aggravated assault offense was *per se*[1] a "particularly serious crime," but she held that Mutsvene's offense so qualified after applying the factors set out in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982), *superseded in part by statute as recognized in In re N-A-M-*, 24 I. & N. Dec. 336, 339–40 (B.I.A. 2007). As a result, the IJ ordered the termination of Mutsvene's grant of withholding of removal.[2] On appeal, the BIA adopted and affirmed the IJ's decision, holding that the IJ correctly applied the modified categorical approach to determine that Mutsvene's offense was an aggravated felony crime of violence. The BIA also held that the IJ performed the proper "individualized

---

[1] Under 8 U.S.C. § 1231(b)(3)(B), "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." DHS contended that Mutsvene's aggravated assault conviction was *per se* a "particularly serious crime" because at one time he received a five year prison sentence (which was subsequently suspended), but the IJ rejected this argument. DHS does not press this argument on appeal and we therefore do not address it.

[2] The IJ also denied Mutsvene's request for deferral of removal pursuant to the Convention Against Torture ("CAT") in a separate order. The BIA affirmed this decision and Mutsvene does not address the denial of relief under the CAT on appeal.

No. 14-60841

examination" of Mutsvene's crime under *Frentescu*.   Mutsvene now seeks judicial review of the BIA's decision.

## DISCUSSION

In this court, Mutsvene contends that the IJ did not perform the "case-specific" analysis required by *Frentescu* because she only considered the record of conviction, which allegedly did not include "case-specific facts."   This "generalized analysis," Mutsvene contends, in effect created "a category of *per se* 'particularly serious crimes' for all aggravated assault felonies," thereby contravening the text of 8 U.S.C. § 1231(b)(3)(B).  The statute creates a *per se* class of particularly serious crimes only for aggravated felonies that result in a term of imprisonment of at least five years.

DHS raises the threshold issue of jurisdiction, arguing that this court lacks jurisdiction to hear this appeal under two provisions of the REAL ID Act of 2005 (as codified):   8 U.S.C. § 1252(a)(2)(B)(ii), which strips courts of jurisdiction to review orders of removal that are discretionary decisions of the Attorney General or Secretary of Homeland Security, and § 1252(a)(2)(C), which strips courts of jurisdiction to review orders of removal against aliens that have committed certain criminal offenses, including aggravated felonies. In response, Mutsvene argues that his appeal presents a "question of law" over which we retain jurisdiction.[3]   *See* 8 U.S.C. § 1252(a)(2)(D).

---

[3] As discussed more fully below, Mutsvene does not appear to challenge the IJ and BIA's holding that his conviction is an aggravated felony crime of violence.  Additionally, Mutsvene does not address DHS's argument that this court lacks jurisdiction to hear his appeal under § 1252(a)(2)(B)(ii) and § 1252(a)(2)(C); instead his briefing principally focuses on §1252(a)(2)(D)'s "question of law" exception to the jurisdictional bar.  As a result, we first consider the exception to the jurisdictional bar and then discuss the application of the jurisdictional bar itself.

No. 14-60841

## I.     Exception to the Jurisdictional Bar

The decisive question in this appeal is whether Mutsvene has presented a question of law that permits the court to review the merits of his argument. We review *de novo* whether the court has subject matter jurisdiction. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). Although the court generally "review[s] only the decision of the BIA, not that of the immigration judge[,]" we consider the IJ's decision "to the extent that it affects the BIA's decision." *Beltran-Resendez v. I.N.S.*, 207 F.3d 284, 286 (5th Cir. 2000). Here we review the IJ's decision because it was adopted by the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

In distinguishing between those petitions for review that present a legal question and those that do not, we have noted that an appeal contending that the BIA applied the wrong legal standard is a legal question that we have jurisdiction to review. *Hakim v. Holder*, 628 F.3d 151, 155 n.1 (5th Cir. 2010); *see also Samba v. Lynch*, No. 15-60088, 2016 WL 861180, at *3 (5th Cir. Mar. 4, 2016) (unpublished) ("To the extent that the first issue challenges whether the immigration judge applied the proper legal standard when determining that Samba committed a particularly serious offense, we have jurisdiction to review such a claim."). In contrast, petitions that effectively argue that the immigration judge "'abused [her] discretion in weighing the multiple desiderata made relevant by the [BIA's] definition of a particularly serious crime,' do not present questions of law and therefore are not reviewable under section 1252(a)(2)(D)." *Solorzano-Moreno v. Mukasey*, 296 F. App'x 391, 394 (5th Cir. 2008) (internal quotation marks and citation omitted).[4] We were

---

[4]  Although *Solorzano-Moreno* is not "controlling precedent," it may be cited as "persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

presented with the latter type of petition in *Solorzano-Moreno*, where the petitioner argued that the IJ placed "too much focus" on the likelihood of future serious misconduct in weighing the *Frentescu* factors.  *Id.*

Mutsvene contends that he has presented a question of law because the IJ did not apply the correct legal standard.  He argues that the IJ did not provide case-specific analysis and instead conducted a generalized analysis using only the record of conviction; this generalized analysis, Mutsvene argues, in effect created another category of *per se* particularly dangerous crimes. After a careful review of the briefs, the record, and the IJ's decision, we disagree with Mutsvene's characterization of his argument.  Mutsvene's brief principally questions the manner in which the IJ applied the *Frentescu* factors, not the application of the *Frentescu* test.

Mutsvene's complaint is more akin to the petitioner's complaint in *Solorzano-Moreno*, which took issue with the IJ's weighing of the *Frentescu* factors.  In this case, the IJ specifically listed each of the *Frentescu* factors and applied them to Mutsvene's conviction.  The IJ's analysis focused on the fact that Mutsvene threatened another individual with a knife and that Mutsvene received a substantial punishment of three years of community supervision and then two years of imprisonment for his conduct.  Mutsvene simply complains that the IJ should have used more facts in her analysis; such a complaint does not present a legal question reviewable by this court under 8 U.S.C. § 1252(a)(2)(D).[5]

---

[5] We also reject Mutsvene's argument that the IJ's analysis violated a federal statute by effectively "creat[ing] a new category of *per se* 'particularly serious crimes' for all aggravated assault crimes."  The IJ's individual consideration of each of the *Frentescu* factors and her attention to certain details of Mutsvene's case belie this assertion.

We likewise reject Mutsvene's related argument that the IJ erred in utilizing the categorical approach to determine whether his aggravated assault conviction was a "particularly serious crime"; this assertion is based upon a misreading of the IJ's decision, as

No. 14-60841

## II.    Application of the Jurisdictional Bar

Given that Mutsvene's petition does not present a question of law, we are precluded from reviewing his petition if he seeks review of a discretionary decision of the Attorney General or Secretary of Homeland Security, see *id.* § 1252(a)(2)(B)(ii), or if he is an aggravated felon, see *id.* § 1252(a)(2)(C). Whether the Secretary's decision that a crime constitutes a "particularly serious crime" is a non-reviewable discretionary decision is a question that has divided the circuits. *See Hakim*, 628 F.3d at 155 n.1. We need not resolve this question today, however, because review of Mutsvene's petition is alternatively precluded under § 1252(a)(2)(C) due to his commission of an aggravated felony.

Through counsel, Mutsvene conceded[6] before the IJ that he was convicted of an aggravated felony, and the IJ confirmed the concession with an independent analysis. Mutsvene acknowledges this concession on appeal, yet he briefly contends, without analysis, that "it is arguable that the crime was not a crime of violence and therefore not an aggravated felony." To the extent that this sentence can be construed as a challenge to the IJ's decision that his offense constitutes an aggravated felony, that argument is waived for insufficient briefing, see *N.W. Enters., Inc. v. City of Hous.*, 352 F.3d 162, 183 n.24 (5th Cir. 2003), in addition to being forfeited in the administrative proceeding. Accordingly, because Mutsvene is an aggravated felon, we are

---

the IJ used the modified categorical approach to determine only whether Mutsvene's offense was a crime of violence.

[6] "Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (B.I.A. 1986). Mutsvene does not argue that "egregious circumstances" are present that would justify relieving him from being bound by his attorney's concessions. *See generally Zhong Qin Yang v. Holder*, 570 F. App'x 381, 382–84 (5th Cir. 2014) (discussing the effects of counsel's concessions before an immigration judge).

No. 14-60841

without jurisdiction to consider the merits of his appeal under 8 U.S.C. § 1252(a)(2)(C).

For the reasons set forth above, we **DISMISS** Mutsvene's petition for lack of jurisdiction.